IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY-BERNARD HOWARD, Equitable Owner of Howard Estate, also known as Howard El Trust, <br><br>Plaintiff, <br><br>v. <br><br>MICHELLE M. SMITH, Clerk of Court New Jersey and ROBERT J. GILSON, Acting Bank/Judge for the State of New Jersey, <br><br>Defendants. | ) ) ) ) ) ) ) ) Civ. Action No. 14-847-GMS ) ) ) ) ) ) ) |

**MEMORANDUM**

The plaintiff, Stanley-Bernard Howard ("the plaintiff"), filed this lawsuit on June 30, 2014, seeking the release of his son from the Morris County Jail in Morristown, New Jersey. (D.I. 1, 6.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

The complaint is not a model of clarity, but it appears that the plaintiff's son was arrested and is being held in jail. The plaintiff "issued a bond" and submitted it to the defendant Michelle M. Smith ("Smith"), Clerk of the Superior Court of the State of New Jersey. The plaintiff also "issued a bond" to the defendant New Jersey Superior Court Judge Robert J. Gilson ("Judge Gilson"). It seems the bonds were issued in an attempt to gain the release of the plaintiff's son, Marquise Howard, from the Morris County jail.[1] The plaintiff alleges that the defendants did not

---

[1]The court takes judicial notice of a newspaper article updated on June 30, 2014, concerning the arrest of the plaintiff's son on June 30, 2014, for the alleged assault of two Morris

process the privately issued bonds they received. He asks the court to process his claim. The plaintiff alleges breach of contract and impeding commerce. In addition, he seeks the immediate release of his son, as well as other injunctive and compensatory relief.[2]

On August 7, 2014, the plaintiff filed a request for the United States Marshals Service ("USMS") to "get" his son who is being held in capacity in the Morris County Jail noting that all debts have been vouched for and all debts shall be discharged. (D.I. 6.) On August 13, 2014, the plaintiff filed a writ for emergency execution, again seeking an order for the USMS to release his son from the Morris County jail. (D.I. 8.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

County court officers in the Morris County Courthouse. *See* http://www.nj.com/morris/index.ssf/2014/06/delaware_man_accused_of_assaulting_2_court_officers_at_morris_courthouse.html (Aug.13, 2014).

[2]To the extent that the plaintiff seeks to act on behalf of his son, the plaintiff, who is not an attorney, may not act as an attorney for other individuals and may only represent himself in this court. *See* 28 U.S.C. § 1654.

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus*

3

*v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. 42 U.S.C. § 1983

The plaintiff refers to this action as a "failure in duty to process a private issued bond, impeding commerce." (*See* D.I. 1 at civil cover sheet). A review of the complaint indicates, however, that the plaintiff alleges state actors failed to process a bond and release his son from a county jail. In essence, this is a civil rights action. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law).

### B. Immunity

#### 1. Clerk of Court Smith

In the instant case, the plaintiff's allegations against Smith concern her alleged failure to process a bond issued for the release of the plaintiff's son. Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are immune from suit. *See Gallas v. Supreme Court of Penn.*, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) (prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from

4

suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) ("Prosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity as well.").

Quasi-judicial absolute immunity is available to an individual, such as Smith, who performs functions closely associated with the judicial process. *See Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); *Henig v. Odorioso*, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judiciary employees executing judicial orders are immune from suit). Even when liberally construing the complaint, the court concludes that Smith is immune from suit for her actions taken with regard to the processing of the bond submitted by the plaintiff. *See e.g., Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) ("[Defendant], while acting as Clerk of the United States District Court . . . in many of his actions performed quasi-judicial functions . . . . Even if . . . [defendant] deceived [plaintiff] regarding the status of the [supersedeas] bond and improperly conducted hearings to assess costs, all in coordination with the judge, such acts would fall within [defendant's] quasi-judicial duties and are thus protected by absolute immunity.") Accordingly, the court will dismiss the claims against Smith pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as she is immune from suit.

### 2. Judge Gilson

With regard to Judge Gilson, "a judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443

F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted).

In the instant case, the plaintiff's claims against Judge Gilson are identical to those raised against Smith - the alleged failure to process a bond issued for the release of the plaintiff's son. The complaint contains no allegations that Judge Gilson acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judge Gilson is immune from suit, and claim again him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Release from Jail

The plaintiff seeks an order from this court for the USMS to gain the release of his son. The doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) forbids federal court interference in pending state criminal proceedings. Therefore, the court will deny the request.

## IV. CONCLUSION

For the above reasons, the court will deny the plaintiff's request for an emergency writ of execution (D.I. 8) and will dismiss the complaint as the defendants are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[3] In light of the nature of the plaintiff's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004);

---

[3] The court takes note that venue is not proper in this district court, given that none of the defendants reside in this district and the events giving rise to this action did not occur in this district. The court, however, does not dismiss the complaint on that basis. See *Day v. City of Galveston*, 480 F. App'x 119, 120 (3d Cir. 2012) (unpublished) (district courts generally should not dismiss *in forma pauperis* complaints *sua sponte* for improper venue.).

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

 An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware